### SENECA LINCOLN *vs.* TAUNTON COPPER MANUFACTURING COMPANY.

The plaintiff in an action objected to the appointment of auditors therein, on account of his inability to pay their fees. The defendants said they would pay them, and auditors were appointed by the court; their fees were paid by the defendants; and the plaintiff was ordered to read their report at the trial. It did not appear whether the defendants agreed to advance the fees for the plaintiff, or to pay them absolutely. Judgment being rendered for the defendants, *Held*, that they were not entitled to tax the auditors' fees in their bill of costs.

AFTER the entry of final judgment for the defendants in this case, in pursuance of the decision reported in 9 Allen, 181, they taxed as one item of their costs the sum of $500 for auditors' fees paid by them, but the clerk disallowed that item, and the defendants appealed. At the hearing on the appeal, before *Hoar*, J., it appeared that the court appointed the auditors; that the plaintiff objected on account of his inability to pay their fees; that the defendants said they would pay them; that when the auditors sent in their report it was indorsed with a direction not to open it without the payment of their fees; that the defendants moved that the plaintiff be required to read the report to the jury on the trial; that the court so ordered; and that the defendants paid the fees. The evidence was conflicting on the question whether the defendants agreed to advance the fees for the plaintiff, or to pay them absolutely, and the judge found as a fact that no agreement on that point was proved. The question was thereupon reserved for the determination of the whole court.

*E. H. Bennett*, for the defendants.
*J. Brown & C. A. Reed*, for the plaintiff.

Sullings v. Richmond & another.

GRAY, J. The court is of opinion that under the peculiar circumstances of this case the taxation of the costs by the clerk was correct, and must be affirmed. If the defendants had not offered, before the case was referred to the auditors, to pay their fees, the plaintiff would have been obliged to pay them, and if he had prevailed in the action might have taxed them in his bill of costs. Gen. Sts. c. 121, § 50. Upon the facts found in the report, the court cannot know that the offer of the defendants to pay their fees was not one of the reasons which induced the judge to refer the case to auditors. The defendants did not pay the auditors' fees under any requirement of statute, or order of court, but pursuant to a promise voluntarily made by themselves. Failing proof of any agreement on the part of the plaintiff that he would repay these fees, or that they might be taxed against him if the defendants should ultimately prevail, the defendants are not entitled to have them so taxed.*

*Taxation affirmed, with costs of this appeal for the plaintiff.*

---

* By *St.* 1867, *c.* 67, section 50 of *c.* 121 of the Gen. Sts. is amended, so that the compensation awarded by the court to auditors may be paid by either party to the suit, and taxed in his bill of costs if he prevails.